| DISTRICT COURT, ARAPAHOE COUNTY, COLORADO<br>Court Address:<br>7325 S. Potomac Street<br>Centennial, Colorado 80112 | DATE FILED: March 8, 2023 10:54 AM<br>FILING ID: E83CC85E82664<br>CASE NUMBER: 2023CV30455<br><br>▲COURT USE ONLY▲ |
|---|---|
| **Plaintiff:**<br><br>YEFIM KAYKOV<br>v.<br><br>**Defendant:**<br><br>COSTCO WHOLESALE CORPORATION AND JOHN DOE | Case Number:<br><br>Div.: |
| **GALPERIN AND ASSOCIATES**<br>Jacob Galperin, #45625<br>3773 Cherry Creek North Drive, Ste. 701E<br>Denver, Colorado 80209<br>Telephone: (720) 501-3451<br>Fax Number: (720) 533-6222<br>E-mail: jg@galperinlegal.com | |
| **COMPLAINT WITH JURY DEMAND** ||

COMES NOW Plaintiff, **Yefim Kaykov**, by and through his undersigned counsel, Galperin & Associates, for his **COMPLAINT** against the above-named Defendants, states and alleges as follows:

### PARTIES

1. Plaintiff Yefim Kaykov (hereinafter "Plaintiff") is a resident of the State of Colorado, County of Denver, and resides at 9530 E. Florida Avenue, Apt. 1006, Denver, Colorado 80247.

2. At all times relevant hereto, Defendant Costco Wholesale Corporation (hereinafter "Defendant"), is and was a foreign corporation formed and existing under the laws of the State of Washington. Defendant owns and operates a chain of retail stores in the State of Colorado, including Costco located at 1471 S. Havana Street, Aurora, Colorado 80012. Costco is a trade name registered in the State of Colorado with its corporate headquarters located at 999 Lake Drive, Issaquah, Washington 98027.

10

3. Defendant John Doe (hereinafter "Defendant John Doe") was an employee of Defendant Costco located at 1471 S. Havana Street, Aurora, Colorado 80012 at the time of the subject incident. Defendant John Doe's name and address information is unknown at this time.

4. Upon information and belief, at all times relevant hereto, Defendant owned and operated a Costco located at 1471 S. Havana Street, Aurora, Colorado 80012.

5. The State of Colorado Secretary of State website has the Registered Agent listed for Defendant as C T Corporation System, 7700 E. Arapahoe Road, Ste. 220, Centennial, Colorado 80112.

## VENUE

6. The Court has personal and subject matter jurisdiction over this action pursuant to C.R.S. section 13-1-124(1)(a-c).

7. Venue is proper in Arapahoe County, Colorado pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1-7 as if fully set herein.

9. At all times relevant hereto, Defendant did own, occupy, operate, manage, repair and/or exercise control over the premises and equipment provided by Costco for customers to use when on their premises at Costco located at 1471 S. Havana Street, Aurora, Colorado 80012 (hereinafter "the Store").

10. At all times relevant hereto, Defendant was responsible for the condition of the Store premises and equipment provided by Costco for customers to use when on their premises and for the activities conducted or circumstances existing on or about the property of the Store, including the equipment of the Store.

11. On or about December 20, 2021, Plaintiff was lawfully shopping on the premises of the Store and using the equipment provided by Costco for customers to use when on their premises.

12. On or about December 20, 2021, Plaintiff was a customer transacting business on the premises of the Store equipment provided by Costco for customers to use when on their premises.

13. While at the Store on or about December 20, 2021, Plaintiff was using the riding cart equipment provided by the Store for customers when the cart flipped over due to an electrical cord not being correct attached and the cart landed on top of Plaintiff.

11

14. Said dangling electrical cord constituted a dangerous condition in the Store (hereinafter "Dangerous Condition").

15. At all times relevant hereto, Defendants had a duty to protect its customers from the Dangerous Condition in the Store.

16. At all times relevant hereto, Defendants had a duty to regularly inspect the Store and equipment provided by Costco for customers to use when on their premises for dangerous conditions.

17. At all times relevant hereto, Defendants failed to properly ensure that the electrical cord to the cart was properly attached and/or remove the Dangerous Condition in the Store.

18. At all times relevant hereto, Defendants failed to post caution signs warning of the Dangerous Condition in the Store.

19. As a direct and proximate result of Defendants' negligence, carelessness, unreasonable care, reckless and/or wrongful conduct, Plaintiff has suffered injuries, losses and damages.

20. At the time of and preceding the incident, none of the Plaintiff's conduct caused or contributed to the incident.

21. At all times relevant hereto, an employee of Defendant (hereinafter "John Doe") was responsible during his/her shift for the safety of the equipment provided by Costco for customers to use when on their premises.

22. At all times relevant hereto, John Doe was an employee of Defendant Costco.

23. At all times relevant hereto, John Doe was not paying attention to his actions and created the Dangerous Condition in the Store.

24. At all times relevant hereto, John Doe provided use of equipment in a negligent, careless, unreasonable, reckless and/or wrongful manner.

25. As a further direct and proximate result of the negligent, careless, unreasonable care, reckless and/or wrongful conduct of Defendants named herein, Plaintiff suffered injuries, losses and damages, including past and future medical expenses, past and future lost earnings, physical impairment, disfigurement, past and future pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, all in amounts to be determined at the time of trial.

**FIRST CLAIM FOR RELIEF**
**(Negligence against Defendants)**

12

26. Plaintiff hereby incorporates paragraphs 1-25 as if fully set forth herein.

27. On or about December 20, 2021, Defendants and/or its agents, servants and/or employees actually knew or should have known that the Dangerous Condition existed.

28. Defendants and/or its agents, servants and/or employees, owed a duty to Plaintiff to exercise reasonable care in the ownership, operation, maintenance, repair, management and/or control of the Store.

29. Defendants and/or its agents, servants and/or employees, breached the duty to Plaintiff to exercise reasonable care in the ownership, operation, maintenance, repair, management and/or control of the Store.

30. Defendants' and/or its agents', servants' and/or employees', breach of duty caused Plaintiff's injuries.

31. Defendants and/or its agents, servants and/or employees, were responsible for causing the incident and resulting injuries to Plaintiff.

32. As a direct and proximate result of Defendants' and/or its agents', servants' and/or employees', breach of duty, Plaintiff suffered injuries, losses and damages, including past and future medical expenses, past and future lost earnings, physical impairment, disfigurement, past and future pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, all in amounts to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Premises Liability against Defendants under C.R.S. § 13-21-15)

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth herein.

34. At all times relevant hereto, Defendant Costco was a "landowner" of the Store within the meaning of C.R.S. § 13-21-115(1) and was legally responsible for the condition of the Store as well as the as well as any and all equipment provided to their customers for use while on the premises or for the activities conducted or circumstances existing at the Store premises.

35. At all times relevant hereto, Plaintiff was an invitee, as defined by C.R.S. § 13-21-115(5)(a), in that Plaintiff was at the Store to transact business in which all parties were mutually interested.

36. Defendant and/or its agents, servants and/or employees, actually knew or should have known about the Dangerous Condition on the Store premises, as well as any and all equipment provided to their customers for use while on the premises.

37. Defendant and/or its agents, servants and/or employees, had a duty to exercise reasonable care to protect Plaintiff, an invitee, from the Dangerous Condition on the Store premises about which Defendant and/or its agents, servants and/or employees, actually knew

13

or should have known, in violation of C.R.S. § 13-21-115.

38. Upon information and belief, Defendant and/or its agents, servants and/or employees had actual notice and knowledge of the Dangerous Condition on the Store premises because Defendant and/or its agents, servants and/or employees would have known of these conditions if Defendant and/or its agent, servants and/or employees had exercised ordinary care by properly monitoring and maintaining the Store premises as well as any and all equipment provided to their customers for use while on the premises.

39. Defendant and/or its agents, servants and/or employees, failed to exercise reasonable care with respect to the Dangerous Condition on the Store premises as well as any and all equipment provided to their customers for use while on the premises.

40. Defendant and/or its agents, servants and/or employees, failed to use reasonable care to protect Plaintiff against the Dangerous Condition existing on the Store premises as well as any and all equipment provided to their customers for use while on the premises.

41. Defendant and/or its agents, servants and/or employees, failed to post caution signs warning of the Dangerous Condition on the Store premises as well as any and all equipment provided to their customers for use while on the premises.

42. Defendant and/or its agents, servants and/or employees, failed to clean-up and/or remove the Dangerous Condition on the Store premises as well as any and all equipment provided to their customers for use while on the premises.

43. Defendants and/or its agents', servants' and/or employees', unreasonably failed to exercise reasonable care to protect Plaintiff against the dangers of which Defendant and/or its agents, servants and/or employees, actually knew or should have known in that Defendant and/or its agents, servants and/or employees, was then and there guilty of the following careless and negligent acts and/or omissions:

    i. Improperly operated, managed, maintained, and controlled the Store premises and equipment provided to their customers for use while on the premises;

    ii. Failed to warn the Plaintiff and other persons lawfully on the Store premises of the said Dangerous Condition when Defendant and/or its agents, servants and/or employees knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

    iii. Failed to make a reasonable inspection of the Store premises and equipment provided to their customers for use while on the premises, and when Defendant and/or its agents, servants and/or employees, knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

    iv. Allowed the aforementioned Store premises to remain in a dangerous

14

condition, including but not limited to equipment provided to their customers for use while on the premises, and making its grounds unfit for passage, for an unreasonable length of time; and

   v.  Was otherwise careless and negligent in the operation of the Store premises and equipment provided to their customers for use while on the premises.

  44. Defendant and/or its agents', servants', and/or employees' failure to use reasonable care caused Plaintiff's injuries.

  45. Under C.R.S. 13-21-115(3)(c)(I), Plaintiff may recover for damages caused by Defendants unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

  46. As a direct and proximate result of Defendant and/or its agents', servants' and/or employees', aforesaid negligence, the Plaintiff has suffered Plaintiff suffered injuries, losses and damages, including past and future medical expenses, past and future lost earnings, physical impairment, disfigurement, past and future pain and suffering, inconvenience, emotional stress, and impairment of the quality of life, all in amounts to be determined at the time of trial.

### THIRD CLAIM FOR RELIEF
### (Respondeat Superior against Defendant – Vicarious Liability)

  47. Plaintiff incorporates by reference paragraphs 1-46 as if fully set forth herein.

  48. At all times relevant hereto, Defendant was in the business of owning and operating grocery stores in the State of Colorado.

  49. At all times relevant hereto, Defendant owned and operated the Store.

  50. At all times relevant hereto, John Doe was an employee, agent and/or servant of Defendant.

  51. At all times relevant hereto, John Doe was acting within the course and scope of his employment, office or authority with Defendant.

  52. At all times relevant hereto, John Doe was required to exercise reasonable care in his actions.

  53. At all times relevant hereto, John Doe monitored store equipment for customer use in a negligent, careless, unreasonable, reckless and/or wrongful manner.

  54. At all times relevant hereto, John Doe was not paying close attention to his actions and created the Dangerous Condition in the Store.

15

55. At all times relevant hereto, Defendants, by and through its employee, agent and/or servant, John Doe, had an obligation and duty to exercise reasonable care in monitoring and maintaining the Store as well as any and all equipment provided to their customers for use while on the premises.

56. At all times relevant hereto, Defendants, by and through its employee, agent and/or servant, John Doe, failed to provide safe equipment for their customers to use while on the premises and/or remove the Dangerous Condition in the Store.

57. At all times relevant hereto, Defendants, by and through its employee, agent and/or servant, John Doe, failed to post caution signs warning of the Dangerous Condition in the Store.

58. At all times relevant hereto, Defendants, by and through its employee, agent and/or servant, John Doe, breached its duty to exercise reasonable care.

59. As a direct and proximate result of Defendants' negligent, careless, unreasonable, reckless and/or wrongful conduct, Plaintiff was injured due to the Dangerous Condition in the Store, including equipment provided to their customers for use while on the premises.

60. As a direct and proximate result of Defendants' negligent, careless, unreasonable, reckless and/or wrongful conduct, Plaintiff suffered injuries, damages and losses, as previously described in this Complaint.

61. Pursuant to C.R.C.P. 338, Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff prays that she recover of and from Defendants compensatory damages that he has suffered by virtue of the acts and omissions alleged above; for costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes; for attorney fees as may be allowed by order of this Court; for an amount which will reasonably compensate Plaintiff for his past and future economic losses, past and future medical expenses, past and future lost earnings, physical impairment, disfigurement, past and future pain and suffering, inconvenience, emotional stress, impairment of the quality of, injuries and/or disabilities; for an amount which will reasonably compensate Plaintiff for past and future pain, suffering, and loss of enjoyment of life and/or the capacity life; and for such other and further relief as shall be deemed just and proper by this Court.

Respectfully submitted this 8th day of March 2023.

**GALPERIN AND ASSOCIATES**

*Original Signature on File at the Offices Of Galperin and Associates, PC*

16

By: */s/ Jacob Galperin*
Jacob Galperin, Esq. #45625
**ATTORNEYS FOR PLAINTIFF**

Plaintiff's Address:
9530 E. Florida Avenue, Apt. 1006
Denver, Colorado 80247

*This Complaint was filed with the Court through the ICCES Electronic Filing Procedures, under C.R.C.P. 121, § 1-26. As required by those rules, the original signed copy of this Complaint is on file with Galperin & Associates, P.C.*

17